## HARVEY GRAVES *vs.* HAMPDEN FIRE INSURANCE COMPANY.

If the owner of the equity of redemption of land, in pursuance of a provision in the mortgage, procures a policy of insurance upon the buildings standing thereon, at his own expense, payable to the mortgagee in case of loss, and the policy contains a written provision that no sale of the property shall affect the right of the mortgagee to recover in case of loss under the policy, and the equity of redemption is afterwards sold, and a loss occurs, and the insurance company upon paying the amount thereof to the mortgagee take from him an assignment of the mortgage and policy, the purchaser of the equity of redemption is entitled to the benefit of the money so paid by the insurance company, and may redeem the land upon paying to the insurance company the balance due upon the mortgage debt after deducting that amount.

BILL IN EQUITY to redeem land from a mortgage. The following case was presented upon the bill, demurrer, and facts agreed :

On the 3d of June 1863 Caleb E. Foster was seised of a certain piece of land in Brighton with buildings thereon, subject to a mortgage to Samuel Bigelow which provided that the mortgagor should keep the buildings insured in a sum not less than twenty-five hundred dollars, for the benefit of the mortgagee. On that day Foster conveyed the premises to David H. Plumb, who immediately procured of the defendants a policy of insurance, at his own expense, upon the buildings, for three years, payable to Bigelow in case of loss. In September following, Plumb sold the premises to William H. Chaffee, and as his deed from Foster had never been recorded it was surrendered to Foster, who thereupon executed a new deed directly to Chaffee. In October following the buildings were destroyed by fire. The policy contained a written provision that " no sale of the property shall affect the right of the mortgagee to recover in case of loss under the policy ; " and a printed provision that " if the title to said property shall be in any way changed, the risk thereupon shall cease and determine." On the 12th of November 1863 the defendants paid to Bigelow $2542.96, and took from him an assignment of the mortgage and policy. The premises were subsequently conveyed to the plaintiff, subject to any legal incumbrances thereon ; and ne offered to pay to the defendants the balance due upon the mortgage debt, after deducting the

amount due upon the policy and certain other legal charges. The defendants however declined to take the same, and claimec the whole amount of the mortgage debt. The buildings without the land, and the land without the buildings, were each worth more than the amount of the mortgage debt.

The case was reserved by *Gray,* J., for the determination of the whole court.

*T. S. Dame,* for the plaintiff. The written clause in the policy controls the printed one. 2 Phil. Ins. § 1943. The policy was procured by Plumb on his own interest in the property, and he and his assigns are entitled to the benefit of it. *King* v. *State Ins. Co.* 7 Cush. 1. *Providence County Bank* v. *Benson,* 24 Pick. 204.

*J. Wells,* for the defendants. The policy was a personal contract with Plumb, founded on his own interest merely. Even if the plaintiff acquired Plumb's interest, it would give him no interest in the policy. *Felton* v. *Brooks,* 4 Cush. 203. *Wilson* v. *Hill,* 3 Met. 66. The stipulation in favor of the mortgagee is personal to him, and confers no right on the purchaser of the equity, but by implication excludes him. *Macomber* v. *Cambridge Ins. Co.* 8 Cush. 133. The mere fact that the mortgagee holds indemnity collateral to his mortgage does not give the holder of the equity such right. *White* v. *Brown,* 2 Cush. 412. *King* v. *State Ins. Co.* 7 Cush. 1. *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 385. *Concord Ins. Co.* v. *Woodbury,* 45 Maine, 447. The present suit is in effect to compel the payment of the policy, that the amount may be applied upon the mortgage debt for the benefit of the purchaser of the equity. But he has no such interest in the policy as to entitle him to do this. *Smith* v. *Packard,* 19 N. H. 575. *Kip* v. *Mut. Ins. Co.* 4 Edw. (N. Y.) 86.

DEWEY, J. Had there been no change in the relation of the original parties to this contract of insurance from that which existed when the policy was effected by David H. Plumb, it would have presented the ordinary case of a policy where the mortgagor causes insurance to be made on the mortgaged premises payable to the mortgagee in case of loss. In such case the

insurer would be bound to pay the whole loss, and the mortgagee would receive it and be holden to apply it so far as was necessary to discharge the mortgage, and, in case the mortgage debt had been previously paid, the mortgagee would receive the sum paid for the loss for the use of the mortgagor. *King* v. *State Ins. Co.* 7 Cush. 1.

It is equally clear that, in the case stated, the continued existence of the mortgage debt or right in the mortgagee to take to his own use the money paid for the loss is not essential to a recovery for such loss, the mortgagor continuing to hold his interest in the property. The reason is obvious. The policy was the policy of the mortgagor, and was obtained upon his interest, and his interest is in no way diminished by the discharge of the mortgage. But on the other hand if a mortgagee obtains a policy on his interest, the validity of the policy does wholly depend upon such interest not being extinguished by payment of the debt, and in case of such payment the policy expires. In such case the mortgagee is not bound to account to the mortgagor for any part of the money received by him from the insurance company as a payment on the mortgage debt.

The present case is to be treated as a policy on the interest of the mortgagor, but payable in case of loss to the mortgagee, qualified by a provision that no sale of the property shall affect the right of the mortgagee to recover in case of a loss. We are then to assume that this policy was procured by the mortgagor and at his cost, and was one which he might cause to be enforced for his benefit, and the avails to be applied, first, to discharge the mortgage debt, and the surplus to his own benefit unless that right has been lost by alienation of his interest. It is conceded that such alienation has been made. In September 1863, Plumb who obtained this policy parted with all his interest in the property insured, and the same was transferred to Chaffee, Plumb surrendering to his own grantor the unrecorded deed to him by Foster, and Foster thereupon conveying the equity to Chaffee. After the loss, the right in equity was conveyed to Graves the plaintiff. Thus Plumb ceased to have any interest

in the property insured. The sale to Chaffee of the equity would not pass this policy to Chaffee. It was a mere personal contract of indemnity made with Plumb for the benefit of himself and the mortgagee Bigelow. *Wilson* v. *Hill,* 3 Met. 66.

The further inquiry is as to the effect of the clause in the policy, " No sale of the property shall affect the right of the mortgagee to recover in case of loss under this policy." In terms the provision is wholly confined to the mortgagee. Such alienation shall not affect his right to recover. He might undoubtedly have enforced this indemnity against loss to the extent of his mortgage, but the question is, can he be compelled to do it by the plaintiff? Does the fact that he might recover for this loss to the amount of his mortgage debt operate to require him to do so, and to cancel his mortgage debt to the amount he is thus entitled to receive? It is not the question whether Plumb could have required this, had he not parted with all his interest in the property before the loss. The question is, whether a mere holder of the equity by purchase can require the mortgagee to avail himself of his right thus to recover as mortgagee, and apply the proceeds in discharge of the mortgage debt. Has the plaintiff any such interest in the policy that he can require this?

It appears that, by virtue of an original stipulation in the mortgage deed to Bigelow, the mortgagor had agreed to keep the buildings on the mortgaged premises insured against fire in a sum not less than $2500 for the benefit of the mortgagee, and under this agreement the original mortgagor and those succeeding to his right in equity to redeem had caused such a policy to be made, and continued to the time of the loss. This policy thus made legally secured to the mortgagee the payment of the sum of $2500 by the Hampden Fire Insurance Company as a ··ested right. There was upon the happening of this loss a change in the relation which the mortgagee sustained to the policy. What was before contingent became an absolute right to receive $2500 from a source which the mortgagor and the owner of the equity had provided as a means, in a certain event,

of paying that amount upon the mortgage. Having this available fund thus provided by the mortgagor and those succeeding to his rights, and the contingency having happened upon which he was to receive it, we think it must be held to be his duty to receive it and apply it to the payment of the debts secured by the mortgage. As to the Hampden Fire Insurance Company, they certainly can stand in no better situation than Bigelow, having received the transfer of the mortgage with full knowledge of the existence of the policy, and that a loss had accrued thereon by reason of which he was entitled to receive from them the sum of $2500 as mortgagee. The Hampden Fire Insurance Company now holding the relation of assignees of the mortgage by assignment from Bigelow, and also that of debtors under the policy for $2500 to be paid to Bigelow in discharge of the mortgage debt, the law will treat it as paid, the same hand being entitled to receive which was bound to pay.

In the opinion of the court, the money which the mortgagee was thus entitled to receive from the insurance company and as to payment of which no objection intervened, the same having accrued under the circumstances we have stated, should be applied in part payment of the mortgage debt.

A bill in equity may properly be maintained in behalf of the plaintiff, and a decree must be entered to the effect that the defendants be required to receive the amount due upon the mortgage over and above the amount due and payable upon the policy of insurance ; and thereupon to cancel and discharge the mortgage and execute oroper releases thereof.